**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Rabbi Kohan El-Bey Ali,** | ) | **CASE NO. 1:19 CV 1847** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | |
| **Andre Marquis Cohen,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

## INTRODUCTION

*Pro se* Plaintiff Rabbi Kohan El-Bey Ali brings this action in replevin against defendant Andre Marquis Cohen. (Doc. 1). Plaintiff filed a motion to proceed with this action *in forma pauperis* (*see* Doc. 2, 5), and that motion is granted.

For the reasons that follow, this action is dismissed.

## BACKGROUND

Plaintiff's allegations in the Complaint are sparse. He alleges that he is the rightful owner of all the property owned by Defendant. Plaintiff does not identify the property except to state that it is located in Lorain County, Ohio. Plaintiff values the property at One Hundred Million Dollars. For relief, Plaintiff asks this Court to find that he is the owner of the property and order Defendant to return the property to Plaintiff.

**STANDARD OF REVIEW**

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam) (citing *Haines v. Kerner,* 404 U.S. 519 (1972)); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations omitted). That said, the Court is not required to conjure unpleaded facts or construct claims on Plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**DISCUSSION**

Federal courts are courts of limited jurisdiction and have authority to decide only the cases that the Constitution and Congress have empowered them to resolve. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Federal courts "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citations omitted).

Generally speaking, the Constitution and Congress have given federal courts authority over a case only when the case raises a federal question or when diversity of citizenship exists between the parties. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required.").

The first type of federal jurisdiction relies upon the presence of a federal question. 28 U.S.C. § 1331. Federal question jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). In determining whether a claim arises under federal law, the Court looks to the well-pleaded allegations of the Complaint. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (citation omitted). Although the well-pleaded-complaint rule focuses on what Plaintiff alleges, it allows the Court to look past the words of the Complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d 468, 475 (6th Cir. 2008) (citation omitted).

Plaintiff is proceeding *pro se* and, therefore, enjoys the benefit of a liberal construction of the Complaint. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). But even with the benefit of liberal construction, Plaintiff has not alleged a claim arising under the Constitution or laws of the United States and none is apparent to the Court. *See* 28 U.S.C. § 1331.

The second type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between citizens of different States. 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, a plaintiff must show that he is a citizen of one state and all of the defendants are citizens of other states. There are no allegations in the Complaint from which this Court may infer the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

As the party bringing this action in federal court, it is Plaintiff's burden to establish the Court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). But the Court is unable to discern from the Complaint any basis for federal subject matter jurisdiction over this case. In the absence of a cognizable federal question, or a claim over which this Court may exercise diversity jurisdiction, the Court lacks subject matter jurisdiction over this matter. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction").

**CONCLUSION**

There being no claim asserted in the Complaint over which the Court may exercise subject matter jurisdiction, this action is dismissed pursuant to Fed. R. Civ. P. 12(h)(3). Plaintiff's motion to proceed *in forma pauperis* (*see* Doc. 2, 5) is granted. Plaintiff's motion for an order of possession of the property (Doc. 3) is moot, and denied as such.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 11/12/19